United States District Court
Southern District of Texas
FILED

APR - 7 2006

Michael N. Milby, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| GERALDO CRUZ JR. <br> Plaintiff | § § § | M-06-105 |
| vs. | § § | CIVIL ACTION NO._____ <br> JURY |
| E.C. TRADING, LTD, <br> CONSOLIDATED BENEFIT SYSTEMS, INC., <br> KIM-KANG ASIAN MARKET, INC. D/B/A <br> JOY DOLLAR, and ECT, L.L.C. <br> Defendants | § § § § § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

NOW COMES, Plaintiff Geraldo Cruz Jr. and files this Complaint against Defendants E.C. Trading, LTD and Consolidated Benefit Systems, Inc. and alleges the following:

### JURISDICTION

1. This is an action brought under Title I of the Americans with Disabilities Act of 1990, 42 USC § 12101, et seq (the ADA) and the common law of Texas for redress of unlawful discrimination on the basis of disability. This Court has jurisdiction of the subject matter of this case pursuant to 28 USC §§ 1331, 1343 and 1367. This action is authorized by § 107(a) of the ADA, 42 USC § 12117(a) which incorporates by reference sections 706(f)(1) and 706(f)(3) of Title VII of the Civil Rights Act of 1964, 42 USC §§ 2000e-5(f)(1) and (3) and section 102 of the Civil Rights Act of 1991, 42 USC §1981a. This Court has supplemental jurisdiction over Plaintiff's state common law claims pursuant to 28 USC § 1367, because those claims are so related to the Plaintiff's ADA claims that they form part of the same case or controversy.

### VENUE

2. Venue is proper in this Court pursuant to 28 USC § 1391 (b) because one or more of the

Defendants reside in this jurisdictional district and division and the unlawful employment practices alleged herein occurred in this judicial district and division.

## PARTIES

3. Plaintiff Geraldo Cruz Jr. currently resides in McAllen, Hidalgo County, Texas. At all times relevant hereto Mr. Cruz has been a person living with HIV and a person with a disability within the meaning of the ADA.

4. Defendant E.C. Trading Ltd. is a Texas domestic limited partnership and may be served with summons and service of process by serving its registered agent for service of process, Hyung Kun Chun, 2200 Industrial Drive, McAllen Texas 78504. Defendant E.C. Trading Ltd. engages in an industry affecting commerce and has had 15 or more employees for each working day in each of 20 or more calendar weeks in the current or preceding year. Defendant E.C. Trading Ltd. is an entity prohibited from discriminating against individuals with disabilities within the meaning of the ADA.

5. Defendant Consolidated Benefit Systems, Inc. is a Texas corporation and may be served with summons and service of process by serving its registered agent for service of process, Joe R. Reid, 900 Austin Avenue, Ste 300, Waco, Texas 76702. Defendant Consolidated Benefit Systems, Inc. engages in an industry affecting commerce and has had 15 or more employees for each working day in each of 20 or more calendar weeks in the current or preceding year. Defendant Consolidated Benefit Systems, Inc. is an entity prohibited from discriminating against individuals with disabilities within the meaning of the ADA.

6. Defendant Kim-Kang Asian Market, Inc. is a Texas corporation doing business under the name Joy Dollar and may be served with summons and service of process by serving its registered agent for service of process, Teong Seon Kim 24 Tabasco, Brownsville, Texas 78521. Defendant

Kim-Kang Asian Market, Inc. engages in an industry affecting commerce and has had 15 or more employees for each working day in each of 20 or more calendar weeks in the current or preceding year. Defendant Kim-Kang Asian Market, Inc. is an entity prohibited from discriminating against individuals with disabilities within the meaning of the ADA.

7. Defendant ECT, L.L.C. is a Texas limited liability company and is the general partner of E.C. Trading, Ltd. and may be served with summons and service of process by serving its registered agent for service of process, Hyung Kun Chun, 2200 Industrial Drive, McAllen Texas 78504.

## FACTS

8. At all times relevant hereto, Plaintiff Cruz is infected with the human immunodeficiency virus (HIV) that causes Acquired Immune Deficiency Syndrome (AIDS). Plaintiff Cruz has a physical impairment, as well as a record of physical impairment, that substantially limits one or more of his life activities, such that he is a person with a disability within the meaning of the ADA.

9. At all times relevant hereto, Defendants regarded Plaintiff Cruz as having a physical impairment that substantially limits one or more of his major life activities, such that he is a person with a disability within the meaning of the ADA.

10. On or about October 4, 2004 Plaintiff Cruz was hired by Defendants as a delivery truck driver. Plaintiff Cruz consistently performed all essential functions, duties and responsibilities of his position in a satisfactory manner throughout the period of his employment with Defendants. At no time had Plaintiff Cruz ever revealed to anyone at the workplace that he was infected with HIV.

11. During his employment with Defendants, Plaintiff Cruz was working approximately sixty five hours weekly. Defendants generally regarded Plaintiff Cruz as one of their best and most experienced delivery truck drivers.

12. On or about December 2004, Plaintiff Cruz's co-workers began to avoid him and began treating him differently. Plaintiff Cruz suspected that somehow, his co-workers had discovered that he was HIV positive. This caused Plaintiff Cruz great mental and emotional distress.

13. On or about December 16, 2004, Defendants' Human Resources Director requested a meeting with Plaintiff Cruz. When Plaintiff Cruz met with the Human Resources Director, the Human Resources Director asked Plaintiff Cruz whether he was HIV positive. Plaintiff Cruz answered and confirmed that he was in fact HIV positive. The Human Resources Director then requested that Plaintiff Cruz obtain a "clearance" letter from Plaintiff Cruz' physician stating whether Plaintiff Cruz was able to work.

14. After the December 16, 2004 meeting, Defendants began to limit the hours that Plaintiff Cruz could work. At one point, Defendant scheduled only ten hours of work a week for Plaintiff Cruz even though Plaintiff Cruz had requested that he be given more hours of work.

15. Also after the December 16, 2004 meeting and in response to Defendants' request, Plaintiff Cruz obtained a letter from his physician which stated that he was able to work without limitation or restriction and provided such letter to Defendants.

16. Then on January 4, 2005 Defendants violated the ADA by terminating Plaintiff Cruz' employment on the basis of his disability. Against Plaintiff Cruz' protests that he was able to perform all duties and responsibilities of his job, Defendants stated that they believed that terminating Plaintiff Cruz' employment was best for Plaintiff Cruz given his medical condition.

17. Defendants' decision to terminate Plaintiff Cruz was not based on a reasonable medical judgement relying on either the most current medical knowledge or the best available objective evidence.

18. Prior to terminating Plaintiff Cruz' employment Defendants did not conduct an individualized assessment of Plaintiff Cruz' ability to safely perform the essential functions of his job. Further, Defendants did not engage in an interactive process with Plaintiff Cruz as required by the ADA. Defendants did not explore any accommodations that would have reduced or eliminated the perceived threat, that Defendants believed Plaintiff Cruz' medical condition could some how infect or harm Defendants' employees. Further, Defendants disclosed Plaintiff Cruz HIV status to Plaintiff Cruz' co-workers and other third parties.

19. As a result of Plaintiff Cruz termination Plaintiff Cruz sustained severe emotional distress, loss of wages and consequential damages.

20. On May 10, 2005, Plaintiff Cruz filed a timely charge of discrimination with the U.S. Equal Employment Opportunity Commission (EEOC) and the Texas Workforce Commission alleging that his termination constituted disability discrimination and violated federal and state law.

21. On January 27, 2006 the EEOC issued to Plaintiff Cruz Notice of Right to Sue Defendants in connection with Plaintiff Cruz' charge of disability discrimination. A copy of the notice of the right to sue is attached as Exhibit "A".

## CONDITIONS PRECEDENT

22. Plaintiff Cruz exhausted administrative remedies available to him. All conditions precedent to the institution of this lawsuit have been fulfilled or have occurred.

## VICARIOUS LIABILITY

23. Whenever in this complaint it is alleged that Defendants did any act or thing, it is meant that the Defendants' officers, agents, servants, employees or representatives did such act and/or that at that time such act was done, it was done with the full authorization, confirmation, adoption or

ratification of the Defendants or was done in the normal and routine course and scope of employment of Defendants' officers, agents, servants, employees or representatives. Thus, Plaintiff invokes the theories of respondeat superior and ratification to hold Defendants liable and responsible for the acts and omissions of Defendants' officers, agents, servants, employees or representatives and the ratification of such acts by Defendants.

24.     Defendants were engaged in a joint enterprise since Defendants had an express or implied agreement to carry out a common purpose, which was to operate, supply and conduct the business of the Joy Dollar stores in Texas. Defendants had a community of pecuniary interest in the common purpose and an equal right to direct and control the enterprise. Thus, Plaintiff invokes the theory of joint enterprise to hold Defendants liable and responsible for each Defendants' acts and omissions. Alternatively, Defendants were involved in a joint venture to operate, supply and conduct the business of the Joy Dollar stores in Texas.

## CAUSES OF ACTION

**Violation of the ADA**

25.     Plaintiff Cruz realleges paragraphs 1 through 24 of his Complaint as is fully set forth herein.

26.     Section 42 USC §§ 12111-12117 of the ADA prohibits covered entities from discriminating against otherwise qualified people with disabilities in the terms, conditions or privileges of employment. This prohibition similarly protects people whom covered entities regard as disabled.

27.     Defendants violated 42 USC §§ 12111-12117, when they terminated Plaintiff Cruz because of his disability. Further, Defendants violated the ADA because of the unjustified perception that Plaintiff Cruz' disability rendered him unqualified to perform his duties. Further, Defendants violated the ADA by failing to make individualized assessment or engage in an interactive process

prior to terminating Plaintiff Cruz' employment. Further, Defendants' violated the ADA by failing to consider whether the perceived threat, that Plaintiff Cruz was a health hazard to Defendants' other employees, could be eliminated or reduced by reasonable accommodation. Further, Defendants violated the ADA by denying Plaintiff Cruz such accommodation and discriminating against him of the basis of his HIV status. Further, Defendants violated the ADA by making inquiries to Plaintiff Cruz as to whether Plaintiff Cruz is an individual with a disability or as to the nature or severity of the disability, when such examination or inquiry was not job-related nor consistent with business necessity. Further, Defendants violated the ADA when they disclosed Plaintiff Cruz HIV status, which is confidential medical information, to Plaintiff Cruz' co-workers and other third parties during and after Plaintiff Cruz' employment with Defendants.

27. At all times relevant to this Complaint, Plaintiff Cruz was capable of safely performing all the essential functions of the position of truck driver for Defendants, with or without reasonable accommodation. At the time of his termination, Plaintiff Cruz was meeting Defendants' legitimate expectations as an employee.

28. Defendants acted with malice or with reckless indifference to Plaintiff Cruz rights. Specifically, Defendants' acted with a specific intent to cause substantial injury to Plaintiff Cruz or Defendants' acts and omissions when viewed objectively from Defendants' standpoint at the time of its occurrence involved an extreme degree of risk, considering the probability and magnitude of the potential harm to Plaintiff Cruz and of which Defendants had actual subjective awareness of the risk involved, but nevertheless proceeded with conscious indifference to the rights, safety or welfare of Plaintiff Cruz.

29. Plaintiff Cruz was damaged as a proximate result of Defendants' conduct. Plaintiff Cruz lost

wages, lost benefits, and suffered emotional pain, mental anguish and stigma. Plaintiff Cruz is thus entitled to lost wages, front pay, back pay, lost benefits, medical expenses, compensatory damages, and punitive damages as authorized by the ADA.

**Public Disclosure of Private Facts**

30. Plaintiff Cruz realleges paragraphs 1 through 30 of his Complaint as is fully set forth herein.

31. At no time during Plaintiff Cruz' employment with Defendants did Plaintiff Cruz ever reveal that he was HIV positive. However, prior to his termination, at the workplace, Plaintiff Cruz' co-workers began to avoid Plaintiff Cruz and began to be very short with their comments to him and began treating him differently. This made Plaintiff Cruz suspect that his co-workers knew about his HIV status. Somehow, Defendants knew of Plaintiff Cruz' medical condition or HIV diagnosis because Defendants' Human Resources Manager asked Plaintiff Cruz whether he was HIV positive during the December 16, 2004 meeting. Because Plaintiff Cruz had never mentioned his HIV status to anyone at the workplace, Defendants must have obtained this information without Plaintiff Cruz' consent or knowledge. Furthermore, after Plaintiff Cruz confirmed that he was HIV positive, upon information and belief, Defendants disclosed such information to Plaintiff Cruz' coworkers and other third parties during and after Plaintiff Cruz' employment with Defendants. The privacy of Plaintiff Cruz' medical information and medical condition is protected by both state and federal law. Nonetheless, armed with this information and upon information and belief, Defendants and their employees, agents and representatives disclosed Plaintiff Cruz' medical condition to the public.

33. Publicity was given to matters concerning Plaintiff Cruz' private life, that Plaintiff Cruz was infected with HIV. The publication of which would be highly offensive to a reasonable person of ordinary sensibilities and the matter publicized was not of legitimate public concern. Plaintiff Cruz

sustained injuries and damages as a proximate result of Defendants' tortious conduct. Plaintiff sustained severe emotional distress, mental anguish and stigma. Thus, Plaintiff Cruz sues Defendants for public disclosure of private facts.

**Intentional Infliction of Emotional Distress**

34. Plaintiff Cruz realleges paragraphs 1 through 33 of his Complaint as is fully set forth herein.

35. By terminating Plaintiff Cruz employment on the basis of HIV status, Defendants engaged in extreme and outrageous conduct. Defendants acted with intent to cause Plaintiff Cruz emotional distress or with reckless disregard for the likelihood that their actions would cause Plaintiff Cruz emotional distress. Plaintiff Cruz suffered severe emotional distress as a proximate result of Defendants' treatment of him. There is no alternative cause of action that would provide a remedy for the severe emotional distress caused by Defendants. As a result of Defendants' extreme and outrageous conduct, Plaintiff Cruz is entitled to compensatory and exemplary damages and the other relief hereinafter requested.

## JURY DEMAND

36. Plaintiff demands a trial by jury.

## PRAYER

37. WHEREFORE, Plaintiff Geraldo Cruz Jr. prays for the following relief:

38.   a).   Judgment against Defendants, jointly and severally, for Plaintiff's damages;

      b).   Prejudgment and Postjudgment interest as allowed by law;

      c).   Interest on said judgment at the legal rate from date of judgment;

      d).   Attorneys fees;

      e).   Cost of suit and court costs;

f). Front pay damages;

g). Back pay damages with interest;

h). Punitive and/or exemplary damages;

i). Compensatory and consequential damages;

j). Future pecuniary losses;

k). Emotional pain and suffering;

l). Lost wages and lost earning capacity;

m). Inconvenience;

n). Mental anguish and emotional distress in the past and future;

o). Lost benefits;

p). Medical expenses;

q). Loss of enjoyment of life;

r). All such further and other relief, both general and special, at law or in equity, as the Court deems proper.

Respectfully submitted,

**MAGALLANES & HINOJOSA, P.C.**
3800 N. FM 492
Mission, Texas 78574
Tel: (956) 583-1660
Fax: (956) 583-5939

Carlos Escobar, Attorney in Charge
State Bar No. 24025351
Fed Id. No. 25649
Attorney for Gerardo Cruz Jr.

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM )

## I. (a) PLAINTIFFS
Geraldo Cruz Jr.

### DEFENDANTS
SEE ATTACHED

(b) County of Residence of First Listed Plaintiff **Hidalgo, TX**
(EXCEPT IN U.S PLAINTIFF CASES)

County of Residence of First Listed Defendant **Hidalgo, TX**
(IN U.S. PLAINTIFF CASES ONLY)
NOTE. IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED

(c) Attorney's (Firm Name, Address, and Telephone Number)
Carlos Escobar, 3800 N. FM 492
Mission, TX 78574  (956) 583-1660

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U S Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 |  | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 365 Personal Injury - Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 320 Assault, Libel & Slander | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 650 Airline Regs | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl Veterans) | ☐ 330 Federal Employers' Liability | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
|  | ☐ 340 Marine / **PERSONAL PROPERTY** | ☐ 690 Other |  | ☐ 490 Cable/Sat TV |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 345 Marine Product Liability / ☐ 370 Other Fraud |  |  | ☐ 810 Selective Service |
| ☐ 160 Stockholders' Suits | ☐ 350 Motor Vehicle / ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/Exchange |
| ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability / ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury / ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise |  | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | ☐ 791 Empl. Ret. Inc Security Act | **FEDERAL TAX SUITS** | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations / **Habeas Corpus:** |  | ☐ 870 Taxes (U.S Plaintiff or Defendant) | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare / ☐ 530 General |  | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 245 Tort Product Liability | / ☐ 535 Death Penalty |  |  |  |
| ☐ 290 All Other Real Property | ☒ 445 Amer w/Disabilities - Employment / ☐ 540 Mandamus & Other |  |  | ☐ 950 Constitutionality of State Statutes |
|  | ☐ 446 Amer w/Disabilities - Other / ☐ 550 Civil Rights |  |  |  |
|  | ☐ 440 Other Civil Rights / ☐ 555 Prison Condition |  |  |  |

## V. ORIGIN (Place an "X" in One Box Only)
☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
42 U.S.C. Section 12101 et seq (ADA)
Brief description of cause:
Termination of Employment in Violation of ADA

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $
CHECK YES only if demanded in complaint
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions) JUDGE _____ DOCKET NUMBER _____

DATE 4/7/06
SIGNATURE OF ATTORNEY OF RECORD [signature]

**FOR OFFICE USE ONLY**
RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG JUDGE _____

# EXHIBIT "A" TO CIVIL COVER SHEET

**DEFENDANTS**

    **E.C. TRADING LTD.**

    **CONSOLIDATED BENEFIT SYSTEMS, INC.**

    **KIM-KANG ASIAN MARKET, INC., D/B/A, JOY DOLLAR**

    **ECT, L.L.C.**

**EXHIBIT "A"**

U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## DISMISSAL AND NOTICE OF RIGHTS

To: Gerardo Cruz
c/o M & H Attorneys at Law
Attn: Carlos Escobar
3800 N. FM 492, Suite 1
Mission, TX 78574-4165

From: E.E.O.C.
San Antonio Field Office
5410 Fredericksburg Road, Suite 200
San Antonio, TX 78229

[ ] *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR § 1601.7(a))*

| Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 360-2005-02354 | Guillermo Zamora, Unit I Supervisor | (210) 281-7644 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

[ ] The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ] Your allegations did not involve a disability that is covered by the Americans with Disabilities Act.

[ ] The Respondent employs less than the required number of employees or is not otherwise covered by the statues.

[ ] We cannot investigate your charge because it was not filed within the time limit required by law.

[ ] Having been given 30 days in which to respond, you failed to provide information, failed to appear or be available for interviews/conferences, or otherwise failed to cooperate to the extent that it was not possible to resolve your charge.

[ ] While reasonable efforts were made to locate you, we were not able to do so.

[ ] You had 30 days to accept a reasonable settlement offer that afford full relief for the harm you alleged.

[X] The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

[ ] The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[ ] Other *(briefly state)* _____

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, and/or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS** from your receipt of this Notice; otherwise, your right to sue based on this charge will be lost. (The time limit for filing suit based on a state claim may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years)** before you file suit may not **be collectible.**

On behalf of the Commission

_____
by Pedro Esquivel, Director

1/27/06
(Date Mailed)

Enclosure(s)

cc: E.C. Trade
Attn: Human Resources
2200 Industrial Drive
McAllen, TX 78504

Consolidated Benefit Systems, Inc.
Attn: Steve Smith
900 Austin Ave Suite 300
Waco, TX 76701